# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

KELLY MCMILLEN,

            Plaintiff,

v.

WELLS FARGO BANK, N.A.,

            Defendant.

Civil Action No.: 8:20-cv-00275

### DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA AND PLAINTIFF:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1387, 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its counsel, hereby gives notice that the above-captioned action is removed from the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida to the United States District Court for the Middle District of Florida. Defendant is entitled to removal pursuant to federal question jurisdiction, 28 U.S.C. § 1331 and supplemental jurisdiction, 28 U.S.C. § 1387. In support of this Notice of Removal, Wells Fargo states as follows:

    1.    On or about December 31, 2019, an action was commenced in the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida entitled *Kelly McMillen v. Wells Fargo Bank N.A.,* Civil Case No. 19-008581-CJ (the "State Court Action"). Plaintiff asserts two claims for violations of the (1) Telephone Consumer Protection Act ("TCPA") (47 U.S.C.

§ 227 *et seq.*) and the (2) Florida Consumer Collection Practices Act ("FCCPA") (Fla. Stat. §559.55 *et seq.*;), a copy of the pleadings in the State Court Action, including summons and complaint, are attached.

2. This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(3) Plaintiff served the State Court Summons and Complaint upon Wells Fargo through its registered agent for service of process on January 17, 2020. Therefore, this Notice of Removal is filed within thirty days after service and within one year of the original filing of the complaint.

3. This Court has subject matter jurisdiction over this action and all claims asserted against Wells Fargo pursuant to 28 U.S.C. §§ 1331 and 1387, and removal is proper pursuant to 28 U.S.C. § 1441.

4. Venue in this Court is proper pursuant to 28 U.S.C. §1441(a), which allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The United States District Court for the Middle District of Florida is the federal judicial district and division embracing the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, where the State Court Action was originally filed.

5. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo is filing this notice of removal with this Court, serving a copy of this notice upon Plaintiff, and filing a copy in the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

### Federal Question Jurisdiction

6. This State Court Action involves a claim arising under the Constitution, laws, or treatises of the United States because Plaintiff's Complaint asserts one claim for violation of the TCPA. (*See* Complaint ¶¶ 119-125 (hereinafter "Compl.")). Plaintiff's Complaint therefore presents a federal question within the meaning of 28 U.S.C. § 1331, as it arises under the laws of the United States. *See Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740, 753 (2012) (holding federal courts have original jurisdiction to hear TCPA claims pursuant to 28 U.S.C. § 1331). Accordingly, Plaintiff's claim for violation of the TCPA arises under the law of the United States and could have been originally filed in this Court.

### Supplemental Jurisdiction

7. In addition, this Court may exercise supplemental jurisdiction over Plaintiff's state law Florida Consumer Collection Practices Act claim because the claim "form[s] part of the same case or controversy" as Plaintiff's federal claim. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy ...

8. In this case, Plaintiff's Florida Consumer Collection Practices Act claim against Wells Fargo are related to the same activity that forms the basis for Plaintiff's federal claim. *See* Compl. ¶¶ 105-118.  Indeed, each claim is based on the same factual allegations as Plaintiff's TCPA claim.  Compl. ¶¶ 119-125.  Thus, because Plaintiff's Florida Consumer

Collection Practices Act claim relates to the same allegedly improper phone calls made by Wells Fargo as her federal TCPA claims, (*see id.*), it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy" and, as a result, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(c) (providing that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein").

9. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to "promote judicial economy" and "promote efficiency and conservation of judicial resources." *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) (stating supplemental jurisdiction permitted when it would promote "judicial economy, convenience, and fairness to litigants"); *see also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 746 (11th Cir. 2006) ("the policy of supplemental jurisdiction is to support the conservation of judicial energy and avoid multiplicity in litigation"). In the instant case, Plaintiff's state law claims arise from the same transaction or occurrences as Plaintiff's federal claims and involve the same witnesses and evidence, but do not raise novel or complex issues of state law, nor do they predominate over the federal claim. *See, e.g., City of Chi. v. Int'll Coll. of Surgeons,* 522 U.S. 156, 172 (1997) (citing 28 U.S.C. § 1367(c)). Therefore, this Court has the discretion to and should exercise jurisdiction over all of the claims asserted in Plaintiff's Complaint.

10. Defendant Wells Fargo reserves all of its defenses, including, without limitation, the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant prays that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

Dated February 5, 2020            Respectfully submitted,

           */s/ Artin Betpera*
           Artin Betpera
           Florida State Bar No.: 49535
           Womble Bond Dickinson (US) LLP
           400 Spectrum Center Drive, Suite 1700
           Irvine, CA 92618
           Telephone: (714)557-3800
           Facsimile: (714)557-3347
           Artin.Betpera@wbd-us.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2020, I have served a copy of the foregoing document **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331** to Plaintiff's counsel of record by depositing a true copy of same via email and in the U.S. Mail, proper postage prepaid, properly addressed to the following:

Ian R. Leavengood
Kelly C. Burke
LEAVENLAW
Northeast Professional Center
3900 First St. North, Suite 100
St. Petersburg, FL 33703
Telephone No.: (727) 327-3328
Fax: (727) 327-3305
Consumerservice@leavenlaw.com
kburke@leavenlaw.com

*Attorneys for Plaintiff
Kelly McMillen*

*/s/ Artin Betpera*
Artin Betpera